## NEW ENGLAND MILK PRODUCERS' ASSOCIATION

### *vs.*

### OMER R. WING.

### Androscoggin.   Opinion March 27, 1920.

*Factor, commission merchant, or agent. Bankruptcy. Discharge. Liability to principal. Proceeds not paid over. Not in fiduciary capacity.*

A factor, commission merchant, or agent who has sold property of his principal and has failed to pay over to him the proceeds, is held not to owe him a debt in a fiduciary capacity.

Assumpsit for money had and received. Plea, the general issue and an amended brief statement, wherein defendant alleged that he was adjudicated a bankrupt under the bankruptcy laws of the United States, on a petition therefor, within four months of the date of the writ and attachment thereon, and had received his discharge in bankruptcy. At the conclusion of the testimony the defendant requested the presiding Justice to direct a verdict in his favor, which

request was refused, pro forma, and defendant took exceptions. Verdict for plaintiff for $3,233.52. Exceptions sustained. Judgment for defendant..

Case stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Benjamin L. Berman, and Jacob H. Berman*, for defendant.

SITTING: PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.  For a statement of the issues in this case we rely upon the language of the bill of exceptions, contained in the record, prepared by the defendant, and agreed to by the plaintiff.

"This is an action of assumpsit for money had and received.. The plaintiff is a corporation under the laws of Massachusetts with an established place of business at Greene in the County of Androscoggin. In the early part of 1917 the plaintiff commenced doing business at said Greene.  The defendant was then conducting a country grocery store in the same town.  He was not a member of and was not interested in the plaintiff association.

Several months later, to wit, in July 1917, the plaintiff through its authorized officers made an oral agreement with the defendant.  By the terms of the agreement, the defendant was to become plaintiff's agent for the sale and distribution of its grain; plaintiff was to deliver to defendant certain quantities of grain and he would in turn resell same in smaller lots to the individual farmers in the vicinity of Greene; he was to collect the proceeds therefor and, after deducting his commission, to pay over the balance to the plaintiff; he was to receive, as his compensation, a commission of three cents per bag.

This agreement was carried out until the following January.  The plaintiff had delivered several quantities of grain to defendant and he had at short intervals made payments of the proceeds, after deducting his commission, to plaintiff.

In the early part of January 1918 a controversy arose as to the amount due from defendant  .  .  .  .   On the tenth of January 1918 this suit was brought to recover the aforesaid balance, and on the same day an attachment was made in favor of plaintiff on the writ.

On the 27th day of April, 1918, three months and seventeen days after the date of the attachment, and after the contracting of the debt sued for, the defendant was duly and regularly adjudicated a

bankrupt in the District Court for the District of Maine and on the 12th day of July, 1918 received, from said court, his discharge, under the provisions of the United States Bankruptcy Law of 1898 and amendments thereto, discharging him from all provable debts.

The plaintiff corporation was regularly and duly listed as a creditor of defendant in his schedules and actually received the proper notice from the Bankruptcy Court in ample time to prove its claim and have it allowed.

The defendant duly pleaded his discharge in bankruptcy as a bar to this action. No request for a special judgment was made by plaintiff and no claim is made that the discharge was not regularly and properly pleaded or that the bankruptcy proceedings were not regularly or properly conducted.

At the conclusion of the testimony the defendant duly requested an instruction to the jury, that upon the testimony and pleadings in this case the plaintiff was not entitled to a verdict against the defendant, and that the jury should return a verdict in his favor. This requested instruction was refused, pro forma, and an exception was duly allowed to defendant.

Throughout the trial the defendant relied upon his discharge in bankruptcy as a bar to this action and in refusing the requested instruction and allowing the exception, it was the purpose and intention of the presiding Justice, as well as the intention of the parties in this case, to determine by the Law Court, the following proposition; is the discharge in bankruptcy a bar to the rendition of a judgment or verdict against the defendant.

The parties agree that if the discharge in bankruptcy is a bar to this action judgment should be rendered for the defendant."

The defendant relies solely upon his exceptions, claiming a finding in his favor on the ground that his discharge in bankruptcy absolves him from the plaintiff's debt. The latter contends to the contrary, claiming certain technical deficiencies in the bill of exceptions, which, we do not discuss in detail, but relying largely upon the ground that the debt was not barred by discharge in bankruptcy because it falls within the provisions of that section of the act which except from discharge such debts as "were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

As to the sufficiency of the exceptions we note that they contain this statement "it was the purpose and intention of the presiding Justice, as well as the intention of the parties in this case, to determine by the Law Court the following proposition; is the discharge in bankruptcy a bar to the rendition of a judgment or verdict against the defendant. We shall take parties at their word, hold them to their purpose and intention, and decide the issue upon the grounds upon which they rested in presenting their case to us.

The plaintiff urges fraud upon the part of the defendant. Under the terms of the bankruptcy act the fraud must be perpetrated while the bankrupt "is acting as an officer or in any fiduciary capacity." No claim is made that the defendant was acting as an officer of the plaintiff company. Interpretation of the expression "fiduciary capacity" in bankruptcy acts has been repeatedly made, and with unvarying unanimity by federal and by State courts. We need quote only the following: "This court has held that a commission merchant and factor who sells for others is not indebted in a fiduciary capacity within the bankruptcy acts by withholding the money received for property sold by him. This rule was made under the bankruptcy act of 1841 and has since been repeated many times under subsequent acts" *Crawford* v. *Burke*, 195 U. S., 176; 49 Law. Ed., 147, and cases there cited, to which the court, after citing federal cases, adds the following "as well as in the state courts too numerous to mention."

Our own court in *American Agricultural Chemical Company* v. *Berry*, 110 Maine, 528, adopts the rule, stating it in this language, "Thus a factor, commission merchant, or agent who has sold property of his principal and has failed to pay over to him the proceeds, is held not to owe to him a debt created in a fiduciary capacity." Further citation of authorities is unnecessary. The mandate, under the agreement in the bill of exceptions, must be,

*Exceptions sustained.*
*Judgment for defendant.*