## In re FRANKS.

### No. 16068.

District Court, W. D. Pennsylvania.

Feb. 5, 1931.

J. Salem Flack, of Washington, Pa., for bankrupt.

Harry A. Jones, of Washington, Pa., for Philip Sahady.

W. R. Dennison, of Washington, Pa., referee in bankruptcy.

George J. Modrak, receiver.

GIBSON, District Judge.

The referee, pursuant to petition of the bankrupt, issued an order temporarily re-

straining Philip Sahady, plaintiff in an action of trespass brought against bankrupt prior to petition, from proceeding in a writ of ca. sa. issuing out of the court of common pleas of Washington county, this district. The hearing upon the motion for restraining order was made returnable before this court. Upon hearing it developed that plaintiff's claim, upon which the judgment underlying the writ had been obtained, alleged that the defendant (now the bankrupt) had sold a certain automobile to plaintiff; that the purchase price thereof had been practically all paid and the papers evidencing the transfer of title had been delivered to plaintiff at the same time the automobile had been turned over to him. It further alleged that several days after the transfer of the papers and automobile, the defendant secured the return of the certificate of title to him upon promise to cause to be issued by the proper authorities at Harrisburg, a new certificate of title for the car. Defendant failed to have the transfer made, as promised, and later caused the certificate to be issued to himself. In the meantime, having found the automobile unoccupied and unlocked upon the street, without the knowledge and consent of the plaintiff, he took the same into his possession and has since refused to deliver to plaintiff either the car or the certificate of title. Upon trial, judgment was rendered in favor of the plaintiff for the value of the car, with an allowance for detention. In charging the jury the court instructed it that the evidence did not justify their bringing in any allowance of punitive damages. After the writ of ca. sa. had issued from the court of common pleas, the defendant filed his voluntary petition in bankruptcy in this court, and the temporary restraining order issued, as aforesaid.

The continuance of the restraining order, as it seems to us, depends upon the status of plaintiff's judgment. If as claimed by bankrupt's counsel, plaintiff has a provable claim in bankruptcy against the bankrupt, then the restraining order should be continued; and if, as contended by plaintiff's counsel, the judgment does not constitute a provable debt, then the restraining order should be vacated.

It is our conclusion that the judgment is not a provable debt, and one from which the defendant may be discharged in bankruptcy. Under the old practice the suit would have been in trover and conversion. The claim sets forth an unlawful taking of the automobile and a conversion to the use of the defendant.

Counsel for the bankrupt, in support of his contention that the judgment was a provable debt, has cited to us Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147, and Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762, and contends that those cases are authority for the proposition that where a plaintiff may waive a tort and sue upon an open account or implied contract, his judgment, no matter whether obtained in an action for the tort, or upon the contract or open account, is a provable debt. Both of these cases were based upon section 17 of the Bankruptcy Act prior to its amendment by the Act of February 5, 1903 (32 Stat. 798). Each case set forth a conversion on the part of brokers who had a running account with the plaintiffs in the respective cases. Assuming that they may be quoted as authorities under the peculiar facts presented by them subsequent to the decision in the case of MacIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 40, 61 L. Ed. 205, it would seem plain that they have no proper application to the facts in the case before us since the decision last mentioned.

In MacIntyre v. Kavanaugh, supra, the defendant below was a broker who had received from plaintiff certain stock certificates, which he undertook to hold as security for the plaintiff's indebtedness, and which amounted to about one-sixth of the market value of the certificates. Shortly after receiving the certificates, without the authority or knowledge of the plaintiff, he sold the stocks and appropriated the proceeds to his own use, and shortly thereafter he was adjudged a bankrupt. In the opinion, by Mr. Justice McReynolds, which held that the judgment was not provable in bankruptcy, and was not a debt from which the bankrupt might be discharged, it is stated: "And this [injury by conversion] we understand is not controverted; but the argument is that an examination of our several Bankruptcy Acts and consideration of purpose and history of the 1903 amendment will show Congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute, it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages, but remain obligated for one maliciously broken? To exclude from discharge the liability arising from such transactions as those involved in Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147, and here

presented, not improbably was a special purpose of the amendment." In the same opinion, Mr. Justice McReynolds, quoting from Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 48 L. Ed. 754, disposed of one of the contentions of the bankrupt in this case, as we think. It has been urged that plaintiff's judgment herein is a debt from which bankrupt may be discharged, because section 17 of the act (11 USCA § 35) excepts from dischargeable debts only those wherein the injury inflicted upon the plaintiff in the judgment has been willful and malicious; and that the injury alleged had not been willful or malicious, it is contended, is established by the fact that the court of common pleas, charging the jury, instructed it that the evidence did not justify the imposition of punitive damages. The definition of "malicious injury" contemplated by section 17, as quoted in the opinion, plainly shows that the statute is not to be confined to such acts as would justify special damages.

It might be pointed out that the facts in the instant case are quite different from those in Crawford v. Burke, supra, and other cases cited by the bankrupt, wherein running accounts were maintained. In the present case the statement of claim alleges possession of the title certificate by fraud of the defendant and an unlawful and surreptitious taking and conversion of the automobile. Under such circumstances, it is somewhat difficult to imagine how the plaintiff could have brought an action of assumpsit which would have been reconcilable with his allegations of fact in his instant statement of claim.

As to effect given MacIntyre v. Kavanaugh, supra, see Rogers Brown & Co. v. Tindel Morris Co. (D. C.) 271 F. 475; In the Matter of John Brier, Bankrupt (D. C.) 3 F.(2d) 709, 5 A. B. R. (N. S.) 756.

The temporary restraining order issued by the referee will be vacated, and the petition of the bankrupt for an injunction will be denied.