**In re GAS CO. OF MIAMI BEACH, Inc.**

No. 1052.

District Court, S. D. Florida.

Feb. 3, 1932.

G. W. S. Musgrave, of Baltimore, Md., and John J. Lindsey, of Miami, Fla., for F. W. La Frentz & Co. and Sands Mfg. Co.

Clifton D. Benson, of Miami, Fla., James Thomas, of Baltimore, Md., and Benjamin E. Carey, of Miami, Fla., for Gas Co. of Miami Beach, Inc.

Emett Choate, of Miami, Fla., for meter claimants.

RITTER, District Judge.

The contract made with consumers for meter service, whereby the consumer made a deposit thereunder with the gas company, was for the protection of the gas company on its monthly accounts, and the deposit was to be returned to the customer when service ceased. At no time has service ceased. Upon the company's being adjudged a bankrupt, the trustee assumed the service contracts, and has continued uninterruptedly serving gas to the consumers. The purchaser at foreclosure sale has by agreement recognized the validity and existence of the service contracts. The terms under which the customer's deposits were made have not been violated by the gas company, and there has at no time existed a right to the return of the money to the customer. The liability of the gas company attached whenever the contract was breached by failure to deliver gas, or whenever the customer decided to cease using gas. It was a contingent liability. It was not a

liability existing at the time the company was adjudged bankrupt, and was not a provable claim. First Natl. Bank v. Elliott (C. C. A.) 19 F.(2d) 426, 430; Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147; Colman Co. v. Withoft (C. C. A.) 195 F. 250; Burns Mtg. Co. v. Bond Realty Corp. (C. C. A.) 47 F.(2d) 985.

The contract depositors seek to be declared unsecured creditors in order that they may vote. at creditors' meetings upon the question of general distribution of the assets to creditors. They are not entitled to any distribution. They have no interest in the fund of the gas company in the hands of the trustee. Each of said service customers can obtain their money back whenever they cease using gas.

I think the referee was wrong in his ruling that they were unsecured creditors. He is reversed in that ruling at this time, as this seems the best way to dispose of what is in fact, under existing circumstances, a moot question.