In the Matter of Paul LUCAS and Doris M. Lucas, husband and wife, Debtors.

AMERICAN INSURANCE COMPANY, Plaintiff,

v.

Paul M. LUCAS and Doris M. Lucas, his wife, Defendants.

In the Matter of BECKDOL'S SPORTING GOODS COMPANY, Debtor.

AMERICAN INSURANCE COMPANY, Plaintiff,

v.

BECKDOL'S SPORTING GOODS COMPANY, Defendant.

Bankruptcy Nos. 80–00198, 00199.
Adv. Nos. 80–0209, 80–0210.

United States Bankruptcy Court,
W. D. Pennsylvania.

July 8, 1982.

Robert F. McCabe, Jr., and Lindsay, McGinnis, McCandless & McCabe, Pittsburgh, Pa., for plaintiff.

Michael Ristvey, Jr. and Lewis & Ristvey, Sharon, Pa., for defendants.

Andrew D. Regule and Regule & Regule, Sharon, Pa., pro se for trustee.

## MEMORANDUM AND ORDER

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

There is no dispute as to the important facts in this proceeding to determine obligations of the debtors non-dischargeable that arose from the appointment of the corporate-debtor, Beckdol's Sporting Goods Company, as an agent of the Commonwealth of Pennsylvania to sell hunting and fishing licenses and remit the proceeds less commissions to the Commonwealth. The Pa. Act of 1925 P.L. 448 § 225, 30 P.S. § 225 as amended provides that license fees less the agent's commissions paid to an issuing agent of fishing licenses for the Commonwealth shall be paid into the State Treasury at least once a month, and the Act of 1978 P.L. 73 § 1, 34 P.S. § 1211.311 provides that issuing agents of hunting licenses shall remit balances arising from sales of hunting licenses within five days after the end of each month to the State Treasurer. The prayer of the Complaint must be dismissed as to the corporate-debtor, Beckdol's Sporting Goods Company, as the case was filed after October 1, 1979 when the Bankruptcy Reform Act of 1978 went into effect and Section 727(a) of said Act (11 U.S.C. § 727[a][1] ) provides corporate debtors are not eligible to be discharged.

Turning to the question of the dischargeability of the individual debtors' obligations, the individual husband-debtor, Paul Lucas, owned all of the stock in the corporation, was in charge of its business and operations and had full knowledge of the matters here involved, and his co-debtor wife, Doris Lucas, acted as company bookkeeper and signed the reports to the Commonwealth setting forth the amounts of the license receipts and the fees owing the Commonwealth thereon which were remitted for the years 1971 thru 1978, but became delinquent for 1979 and 1980 in the sum of $6,000 for hunting license fees and $4,465 on fishing licenses.

The fees due the Commonwealth were not segregated or deposited in a separate account, but were comingled with other funds with which the company's expenses, including the Commonwealth's license fees, were paid, and in 1979 and 1980 funds with which to pay these fees were testified to have been unavailable and were not remitted. The Commonwealth collected the amounts in default under the debtors' bonds from the plaintiff surety, the American Insurance Company, and said plaintiff asks for an Order determining the debtors' obligations to make reimbursement thereof determined nondischargeable.

■ Section 523(a)(4) of the Bankruptcy Reform Act provides that debts contracted through fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, may be held non-dischargeable, and the cases construing this provision hold that for a debt to be non-dischargeable within the

meaning thereof, the monies appropriated or converted must comprise defalcations in the performance of obligations assumed under the provisions of an express trust, and not from agency or implied trust relationships or from misappropriations made by a trustee ex maleficio: *Matter of Angelle*, 610 F.2d 1335 (5th Cir. 1980); *Kraft v. Hunter*, 17 B.R. 523 (Bkrtcy.W.D.Mo.1982); *DL&B Oil Co. v. Michael O. Dawson*, 16 B.R. 343 (Bkrtcy.N.D.Ill.1982); *In re Baiata*, 12 B.R. 813 (Bkrtcy.E.D.N.Y.1981); *Mullis v. Joe Harold Walker*, 7 B.R. 563 (Bkrtcy.M.D.Ga.1980); *Matter of Drake*, 5 B.R. 149 (Bkrtcy.D.Idaho 1980) and the case of *United States Fidelity and Guaranty Co. v. Robert Brown, et al* in Adversary Proceeding No. 80–1005 (Bkrtcy.W.D.Pa. February 26, 1982, Honorable Gerald K. Gibson, J.) *

The 1978 Code appears to resurrect and re-enact the state of law that existed prior to the passage in 1970 of an amendment to Section 17 of the former Bankruptcy Act of 1898 which made

> "willful and malicious conversion of the property of another"

a ground for holding obligations non-dischargeable. Under this amendment, misappropriations of funds by agents and trustees ex maleficio were held non-dischargeable in *In re Vines*, 430 F.Supp. 465 aff'd 560 F.2d 1022 (5th Cir. 1977); *First National Bank of Burr Oak v. Seamon*, 198 N.W.2d 114 (N.D.1972); and in *Excell Finance Camp, Inc. v. Tannerhill*, 140 So.2d 202 (La. App.1972). See also *In re Brown*, 412 F.Supp. 1066 (W.D.Okl.1975), where it was said (page 1072):

> ". . . . if an act of conversion is done deliberately and intentionally in knowing disregard of the rights of another, it falls within the statutory exclusion even though there may be an absence of special malice. *Bennett v. W. T. Grant Company*, 481 F.2d 664 (Fourth Cir. 1973); *McIntyre v. Kavanaugh,* 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916)."

Before passage of the 1970 amendment, however, provisions like those of Section 523(a)(4) and (6) of the Bankruptcy Reform Act were held to require that breaches of agency and implied trust relationships be held dischargeable as do the cases construing said Code provisions first hereinabove cited: *Crawford v. Burke*, 195 U.S. 176, 25 S.Ct. 9, 49 L.Ed. 147 (1904); *In re Ennis*, 171 F. 755 (2nd Cir. 1909) and *Rees v. Jensen*, 170 F.2d 348 (9th Cir. 1948).

■ Willful and malicious conversions of another's property having been eliminated as grounds for excepting debts from a discharge under the provisions of Section 523 of the revised Code except as they can be construed to be injuries to that property under Section 523(a)(6), we feel constrained by the foregoing authorities to hold that liabilities for debtors' defalcations under the present circumstances and law must be held to be discharged.

IT IS ORDERED that the within actions to determine obligations nondischargeable be, and the same hereby are, dismissed.

---

* Cf. *In re Donny*, 19 B.R. 354, B.L.D. ¶ 68,645 (Bkrtcy.W.D. WI 1982) holding failure of a selling agent to remit proceeds of sale of another's property is a willful and malicious injury to another's property and is non-dischargeable under 11 U.S.C. § 523(a)(6).