AMERICAN GRAPHOPHONE CO. v. LEEDS & CATLIN CO.

(Circuit Court, S. D. New York. October 6, 1909.)

**1. BANKRUPTCY (§ 114*)—DUTIES OF RECEIVER.**

Where a corporation, defendant in a suit for infringement of a patent, was adjudged a bankrupt, and a receiver appointed for its property, after an interlocutory decree against it and a reference for an accounting as to damages and profits, the receiver cannot be required to prepare a statement of profits for use before the master from the company's books, or to render any other active assistance to complainant at the expense of the estate, unless he elects to become a party to the suit, but may be required by subpœna to produce the books before the master.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

**2. BANKRUPTCY (§ 18½*)—SUIT FOR INFRINGEMENT—BANKRUPTCY OF DEFENDANT.**

Where a corporation was adjudged a bankrupt, and a receiver appointed for its property, after the entry of an interlocutory decree against it in a suit for infringement of a patent in a Circuit Court, that court will not assume to determine the status of complainant's claim in the bankruptcy proceedings, nor to control the distribution of funds therein, both of which are questions for the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 18½.*]

In Equity. Suit by the American Graphophone Company against the Leeds & Catlin Company. On order to show cause against receiver for defendant. Petition of complainant denied.

See, also, 155 Fed. 427.

This is a suit for infringement of patent. All questions as to validity and infringement have been passed upon in this court and by the appellate tribunals, and proceedings were pending before a master, under interlocutory decree for accounting of damages and profits, when defendant was adjudicated a bankrupt, in the District Court, Southern District of New York, and a receiver of its property duly appointed.

C. A. L. Massie and Ralph L. Scott, for complainant.

Fredk. N. Frost and Claude N. Gould, for defendant.

LACOMBE, Circuit Judge. The complainant, on order to show cause and due notice, prays this court: (1) That the receiver and defendant be required to prepare and present the sworn statement (of profits, etc.) directed herein by the master. (2) That the receiver (and the trustee in bankruptcy, when appointed) be enjoined from paying out any money or moneys in said bankruptcy proceeding until further order of this court. (3) That the receiver disclose to complainant the names and addresses of all claimants in said bankruptcy proceedings who have supplied to said Leeds & Catlin Company any moneys or other means for the purpose of enabling said defendants to carry on its infringing operations. These requests may be separately considered.

1. Whether the claim of complainant for damages and profits is or is not such a claim as is provable in bankruptcy, and barred by discharge, need not be now decided here. If it is not such a claim, the bankruptcy proceedings will in no way interfere with the proceedings against defendant before the master. The defendant will prepare the statement required, if it can do so; if not, the complainant will prove the amount of such profits and damages in the usual way. The books

and papers of defendant do not cease to be accessible for that purpose merely because they are in the custody of receiver. Indeed, receiver and his counsel on the argument stated that they were open for complainant's inspection, and would be produced before the master when subpœnaed. The receiver, however, would have no interest in the determination of this claim, and could not be expected to expend any part of the fund in his hands in preparing any statement.

If, on the other hand, the claim be one which is provable in bankruptcy, it is hardly to be supposed that the District Court will assume the burden of liquidating it. Such proceedings usually involve many technical questions of patent law, which may more appropriately and expeditiously be disposed of in the Circuit Court, which is continually passing upon such questions. Presumably, when the claim is liquidated and master's report confirmed, the District Court will accept the judgment of the Circuit Court as sufficient proof of claim, as it would the money judgment of any court of competent jurisdiction.

Whether or not the receiver will appear in such proceedings and endeavor to have the amount of the claim reduced as far as possible is a question for him to decide, or on which he will take the instructions of the District Court. This court certainly has no authority to require him to appear, except as a witness having custody of books and papers. Of course, if he does appear, and is substituted as defendant, it will be his duty to prepare such a statement as he can from the books; but, unless he elects to appear, it would seem that he would be under no such obligation.

No relief of the sort prayed for should now be granted, nor is there any necessity for requiring receiver to make election whether or not he will be substituted. Complainant may proceed with its accounting against defendant, exactly as if no proceedings in bankruptcy were pending; and, if the receiver decides to intervene, he will make whatever application for relief may be necessary.

2. It is not for this court to say what moneys the receiver shall or shall not pay out. All questions as to priority of claims and as to payment of moneys in the custody of the District Court should be submitted to that court for determination. If the claim be one not provable in bankruptcy, presumably that court will make no provision for its payment. If it be a provable claim, it is equally presumable that whatever funds there may be in the hands of receiver, over and above the expenses of administering the estate, will be retained, until all provable claims are liquidated and all questions of priority (if any arise) are determined. The whole matter is exclusively in the jurisdiction of the bankruptcy court.

3. The receiver owes no active duty to complainant to expend the money of the estate in an effort to ascertain the facts asked for. Undoubtedly the receiver will afford all reasonable facilities, as he said he would, for the examination of the records which contain the information sought for. Personally he knows nothing about it And the officers and employés of defendant may be produced by subpœna before the master at the same time as the books, and interrogated on the subject.