## In re LEEDS & CATLIN CO.

(District Court, S. D. New York. October 6, 1909.)

1. BANKRUPTCY (§ 18½,* New, vol. 8, Key No. Series)—PENDING LITIGATION—PROCEEDINGS—STAY.

Where defendant in a suit for infringement of a patent was declared a bankrupt after the entry of an interlocutory judgment against it and the direction of an accounting before a master, an application for a stay of proceedings before the master on behalf of the bankrupt would be denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. BANKRUPTCY (§ 156\*)—PENDING LITIGATION—APPEARANCE BY RECEIVER AND TRUSTEE—DISCRETION.**

Where defendant in a suit for patent infringement was adjudicated a bankrupt after the entry of an interlocutory judgment, whether the bankrupt's receiver or trustee, when appointed, should appear or take any action in the patent suit, was within his discretion; the plaintiff not being entitled to an order directing them to appear therein.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 156.\*]

**3. BANKRUPTCY (§ 18½,\* New, vol. 8, Key No. Series)—PENDING LITIGATION—ACCOUNTING BY RECEIVER.**

Where defendant in a suit for patent infringement became a bankrupt after the entry of an interlocutory judgment, defendant's receiver in bankruptcy would not be directed to furnish the accounting directed by the decree in the patent suit.

**4. BANKRUPTCY (§ 18½,\* New, vol. 8, Key No. Series)—DISTRIBUTION OF ASSETS—STAY.**

Where, after an interlocutory judgment in a suit for patent infringement, the defendant was declared a bankrupt, the receiver and trustee would not be ordered to refrain from distributing any of the assets of the bankrupt until the approval of the master's report in the patent suit, but an order would be entered directing the receiver or trustee not to declare any dividend without previous notice to the complainant's attorneys in such suit, who might thereupon apply to the referee for a stay.

**5. BANKRUPTCY (§ 18½,\* New, vol. 8, Key No. Series)—PENDING LITIGATION—ACCOUNTING—INTERVENTION.**

Where a defendant in a suit for patent infringement became a bankrupt after judgment pending an accounting, complainant in that proceeding was not entitled to an order restraining all parties in the bankruptcy proceedings from interfering with the accounting, since, if any one desired to make any application in the patent case, they might make it in the case pending in the Circuit Court.

In the matter of the Leeds & Catlin Company, bankrupt. On motion for directions to the receiver and trustee. Denied.

Claude W. Gould, for bankrupt.

Philip Mauro, Elisha K. Camp, and C. A. L. Massie, for American Graphophone Company.

HOLT, District Judge. I have consulted with Judge Lacombe in this matter, and entirely concur in his general view, as expressed in his memorandum in the motion before him. 174 Fed. 158. The motion in this matter made in behalf of the bankrupt to stay proceedings before Mr. Shields is denied. The motion made in behalf of the American Graphophone Company for an order directing the receiver, and the trustee, when appointed, to enter an appearance in the patent suit, is denied. The receiver, or the trustee, when appointed, is at liberty to take, or abstain from taking, any action in that case as he may be advised. The motion to direct the receiver to furnish the accounting directed by the decree of the Circuit Court is denied. The motion to direct the receiver, and the trustee, when appointed, not to distribute any of the assets of the bankrupt until the coming in and approval of the master's report in the patent suit is denied; but an order may be entered directing the receiver, or the trustee, when appointed, not to declare any dividend in this case without previous notice to the complainant's attorneys in the patent suit, who may thereupon make

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such application to the referee in charge of the bankruptcy proceedings as it may be advised, and the motion restraining all parties in the bankruptcy proceedings from in any wise interfering in said patent accounting is denied. If any party wishes to make any application in the patent case, they may make it in the case in the Circuit Court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes