## CUNNINGHAM v. FEINSILVER.

(District Court, D. Massachusetts.  June 1, 1925.)

No. 1267.

Bankruptcy ⬡═►318(1), 421(1) — Claim for preference provable debt against creditor's estate, and barred by his discharge.

The claim of a trustee in bankruptcy against a creditor for a preference received is one on which an action in assumpsit might be maintained, and is provable in bankruptcy against the estate of the creditor, under Bankruptcy Act, § 63a (4), being Comp. St. § 9647, and barred by his discharge.

In Equity. Suit by Henry V. Cunningham, trustee in bankruptcy of Charles Ponzi against H. M. Feinsilver. Decree for defendant.

John C. Bills, Jr., William R. Sears, and Martin Witte, all of Boston, Mass., for plaintiff.

E. Philip Finn, of Boston, Mass., and S. Thakson, for defendant.

MORTON, District Judge. This is an action to recover a preference. The plaintiff is entitled to a decree unless his right is barred by the defendant's discharge in bankruptcy. It is admitted that the defendant was adjudicated a bankrupt on February 3, 1921, in this court, and discharged on May 1, 1923, and that the present claim was scheduled by him in the bankruptcy proceedings.

If the plaintiff's claim was provable it was discharged. Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147. Whether it was provable depends upon Bankruptcy Act, § 63. The only clause of that section within which it could fall is "a (4)," as being "founded * * * upon a contract express or implied." The obligation to repay a preference does not arise until the adjudication, the appointment of a trustee, the disaffirmance of the transaction by the trustee, and a demand by him for repayment. All these steps it lay within the power of the Ponzi trustees to take at and before the date when the defendant became bankrupt. In Crawford v. Burke, supra, the plaintiff had a claim for property wrongfully converted by a broker. The plaintiff might have sued in assumpsit on such a claim. He elected not to do so, but to proceed in tort. It was held, nevertheless, that the claim was provable and was discharged. This case has been recognized as establishing the principle that, as stated by Collier on Bankruptcy, "if a party has a cause of action which at his elec-

tion he may maintain either upon contract or in tort, then such cause of action becomes a provable debt." 13th Ed. p. 1406, citing cases.

The defendant's estate in bankruptcy was increased by the amount which he received as a preference from Ponzi. While the right of the Ponzi trustees to recover it did not in actual fact rest upon any contract express or implied but was of purely statutory character, it could have been asserted in an action of assumpsit, being in this respect like torts by which a bankrupt's estate has been enriched. Clarke v. Rogers, 183 F. 518, 106 C. C. A. 64 (C. C. A. 1st). It was therefore barred.

Decree for defendant.