## STIPP v. DORAN.

(Circuit Court of Appeals, Third Circuit. March 17, 1927.)

No. 3515.

1. Bankruptcy ⬤⟹316(3)—Ultra vires corporate mortgage to secure another's debt is not basis of provable claim against debtor (Bankruptcy Act, § 63a [4], being Comp. St. § 9647).

Mortgage by corporation to secure debt of another, if ultra vires, is not basis for provable claim under Bankruptcy Act, § 63a (4), being Comp. St. § 9647, against such other.

2. Bankruptcy ⬤⟹318(1)—Payments by bankrupt corporation to its president held to raise "implied contract" for repayment, constituting provable claim by its trustee against the president (Bankruptcy Act, § 63a [4], being Comp. St. § 9647).

Payments by a corporation to its president when insolvent and within four months prior to its bankruptcy, if it did not owe the money, were in fraud of creditors, and if it did owe it, were preferences, and in either case raised an "implied contract" to return the money which constituted a provable claim by its trustee against the president under Bankruptcy Act, § 63a (4), being Comp. St. § 9647.

3. Bankruptcy ⬤⟹318(1)—Contracts ⬤⟹5— "Quasi contracts" are contracts implied in law, and claims arising thereon are provable in bankruptcy (Bankruptcy Act, § 63a [4], being Comp. St. § 9647).

"Quasi contractual obligations" are such as reason and justice dictate and which the law presumes that every man, in justice, has contracted to perform, and upon this presumption makes him answerable to the person who has suffered by his nonperformance, and claims arising thereon are provable in bankruptcy under section 63a (4), Bankruptcy Act (Comp. St. § 9647).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quasi Contract.]

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, Judge.

In the matter of Mathias Stipp, bankrupt. On appeal from an order discharging a rule to show cause why the involuntary petition filed by Robert J. Doran, trustee in bankruptcy of the International Silk Company, should not be dismissed. Affirmed.

H. W. Mumford, H. B. Andrews, and A. A. Vosburg, all of Scranton, Pa., for appellant.

R. L. Levy, of Scranton, Pa., and Wm. Reynolds, of Wilkes Barre, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court discharging the rule to show cause why the petition in bankruptcy should not be dismissed.

The petition was filed against Mathias Stipp by Robert J. Doran, trustee in bankruptcy of the International Silk Company, Inc. He alleged that Stipp has less than 12 creditors and that the petitioner has provable claims aggregating $500 and is not entitled to priority. The basis of his claims is as follows:

The International Silk Company, of which Stipp was president, executed a mortgage for $40,000 on its property to the Anthracite Trust Company of Scranton, Pa., without receiving value therefor, to secure an overdraft made on the trust company by Stipp as an individual and that Stipp is indebted to Doran, trustee of the silk company, in the amount of the mortgage.

The petition also alleged, as the second claim, that Stipp, while president of the silk company, and within four months of the filing of the petition in bankruptcy against it, from time to time caused checks to be drawn to himself aggregating $50,000, knowing that the

silk company was insolvent and the payments, if any amount was owing to Stipp by the company, were preferential, and consequently Stipp was indebted to Doran, trustee, in the amount of those checks.

The petition charged that Stipp committed an act of bankruptcy in that, while insolvent, he conveyed and transferred with intent to hinder, delay, and defraud his creditors, five parcels of real estate situate in the city of Scranton.

Stipp says that these allegations do not show a provable claim, and therefore the order refusing to dismiss the petition was erroneous. The question is a narrow one: Does Doran have a provable claim? If he does not, that ends the case and the order should be reversed.

Section 63 of the Bankruptcy Act of 1898 (Comp. St. § 9647) enumerates debts which may be proved and in (a) (4), provides that debts of the bankrupt may be proved and allowed against his estate which are "founded upon an open account, or upon a contract express or implied." Unless the claim of Doran may be proved under this provision, it is not provable. Admittedly there was no open account or express contract between them. The claim is therefore limited to an "implied contract."

[1] The first claim is based upon the mortgage of $40,000 given to pay or secure the personal debt of Stipp. The validity of this mortgage has been attacked in the state court on the ground that it was ultra vires and so null and void. This question will ultimately be settled in that court, and we do not need to pass upon it here. It would seem, however, that the bankrupt corporation did not have power to pay or secure the personal debt of Stipp and so the execution of the mortgage was ultra vires. If this is so, the mortgage is invalid and may not be used as the basis of a provable claim. In re Liquor Dealers' Supply Co. (C. C. A.) 177 F. 197, 24 Am. Bankr. Rep. 399; In re Smith Lumber Co. (D. C.) 132 F. 620, 13 Am. Bankr. Rep. 118.

[2] The second claim arises out of the allegation that the silk company, while insolvent, drew and delivered its checks aggregating $50,000 to Stipp within four months of the filing of the petition in bankruptcy against it.

Stipp, being president of the silk company, is charged with knowledge of its condition. If the silk company owed him $50,000 the payment was preferential, and if the company did not owe it, the payment was in fraud of creditors, and may be recovered. In either case, Stipp is under obligation to pay the money to the trustee of the silk company.

[3] Whether or not this obligation is a provable claim depends upon the nature of the obligation. Counsel says that this obligation is, at best, "but a quasi contract." This definition of the relation between the parties is accepted by the trustee, who says that a breadth of meaning should be given to "implied" contracts which will include "quasi contracts" which will support a provable claim. Reynolds v. New York Trust Co. (C. C. A.) 188 F. 611, 616, 39 L. R. A. (N. S.) 391. Contracts are express when their terms are stated by the parties. They are "implied" when they are not so stated. The term "implied contracts" has been used in two senses: Contracts "implied in law" and contracts "implied in fact." A contract implied in law is sometimes called a "constructive contract," but a better term is "quasi contract," for strictly speaking it is not a contract at all. Elliot on Contracts, vol. 1, § 18; vol. 2, § 1355; Board of Highway Commissioners v. City of Bloomington, 253 Ill. 164, 97 N. E. 280, Ann. Cas. 1913A, 471. They are called contracts by a legal fiction adopted for the purpose of doing justice between the parties and for the sake of the remedy, to enforce obligations created by law, by actions, in form, ex contractu, as where one party has paid or received something which the other, in justice, ought to have paid or received. These so-called contracts may exist where there is no agreement of the parties or even contrary to their actual intention. Quasi contractual obligations are such as reason and justice dictate and which the law presumes that every man, in justice, has contracted to perform and upon this presumption makes him answerable to the person who has suffered by his nonperformance. Such contracts include obligations imposed by law upon a person to give value for a benefit conferred when it appears that the benefit was not intended as a gratuity. Blackstone said that: "Every one who undertakes any office, employment, trust or duty, contracts with those who employ or entrust him, to perform it with integrity, diligence and skill; and if by his want of either of those qualities any injury accrues to individuals, they have their remedy in damages by a special action on the case." 3 Com. 163. Contracts implied in fact are true contracts and grow out of the intention of the parties. They differ from express contracts only in the manner in which they are formed or in the mode of proof. The intention in such contracts is gathered, and the contract implied, from acts, conduct and the surrounding circumstances.

In contracts implied in law, the liability

arises from the facts and circumstances independent of, and often contrary to, the understanding or presumed intention. In the one case, intention of the parties is the essence of the transaction and the basis of the obligation; in the other, it may be entirely disregarded, the obligation arising not from consent or intention, "but from the law or natural equity." Quasi contracts come within the term, and are a part of, "implied contracts." Elliott on Contracts, vol. 1, §§ 2, 18; vol. 2, §§ 1355–1358; 1 Williston on Contracts, § 3; Umlauf v. Umlauf, 103 Ill. 651; Chudnovski v. Eckels, 232 Ill. 312, 317, 83 N. E. 846; Harty Brothers v. Polakow, 237 Ill. 559, 86 N. E. 1085; Board of Highway Commissioners v. City of Bloomington, 253 Ill. 164, 97 N. E. 280, Ann. Cas. 1913A, 471.

Quasi contracts, being included in the term "implied contracts," are provable in bankruptcy. When the statute provided that debts founded "upon contracts express or implied" may be proved, it used the term "implied contracts" in its usual sense. In quasi contractual obligations, the tort may be waived and the claim proved in bankruptcy. 3 Williston on Contracts, § 1896; Clarke v. Rogers (C. C. A.) 183 F. 518; Reynolds v. New York Trust Co. (C. C. A.) 188 F. 611, 616, 39 L. R. A. (N. S.) 391; Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762.

To repeat, if the $50,000 delivered in checks to Stipp was due and owing to him by the silk company, it was paid within four months of the filing of the petition in bankruptcy against it, and may be recovered, or if the silk company did not owe him that money and the payment was intended to delay, hinder, and defraud creditors, it may be recovered. There was, in either case, a quasi contractual obligation on the part of Stipp to return the money, and the trustee who represents creditors has a provable claim.

The decree is affirmed.