### In re FLANDERS CO.

### FORSHER v. GRAHAM.

Circuit Court of Appeals, Sixth Circuit.
May 9, 1929.

No. 5164.

J. F. Wilson, of Port Huron, Mich. (W. L. Jenks, of Port Huron, Mich., on the brief), for appellant.

N. T. Lawson, of Detroit, Mich. (Anderson, Wilcox, Lacy & Lawson, of Detroit, Mich., on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This is an appeal from an order of the District Court dismissing a petition to review an order of the referee in bankruptcy, which order allowed the claim of one Robert J. Graham. The action of the District Court was based upon the fact that the petition to review the allowance of the claim was filed by another creditor, who had opposed the allowance before the referee, and not by the trustee, as the representative of all creditors. The dismissal was thus upon, or at least involved, the question of jurisdiction of the District Court to entertain such petition. The finding was, in effect, that the court lacked such jurisdiction. In this decision we are unable to concur.

Section 2 of the Bankruptcy Act (11 USCA § 11) defines the jurisdiction of the District Court as a court of bankruptcy. Subdivision (10) thereof specifically grants jurisdiction to "consider and confirm, modify or overrule, or return, with instructions for further proceedings, records and findings certified to them by referees." So also, in defining the powers of the referees, Congress

was careful by section 38 (11 USCA § 66) to make the grant of jurisdiction "subject always to a review by the judge." Other reference to a petition for review is absent in the act itself, but the provisions above cited have been interpreted by General Order XXVII (set out under 11 USCA § 53) providing: "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall * * *."

"These provisions make it clear that the referee is not in any sense a separate court, nor endowed with any independent judicial authority, and is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference—reading this, of course, in the light of the act; and that his judicial functions, however important, are subject always to the review of the bankruptcy court." Mr. Justice Pitney in Weidhorn v. Levy, 253 U. S. 268, 271, 40 S. Ct. 534, 535 (64 L. Ed. 898). It is now universally conceded that a bankruptcy court is a court of equity and the referee but the officer or arm of such court. The right of review by the District Court extends to every final order of the referee and may be asserted by any one having a direct substantial interest or by the court, sua sponte. In re De Ran, 260 F. 732, 739, 740 (C. C. A. 6); International Agr. Corp. v. Cary, 240 F. 101, 104, 105 (C. C. A. 6); In re Veler, 249 F. 633, 644 (C. C. A. 6). The situation is closely analogous to the relationship between a court of general equity jurisdiction and its master, the position of the creditor petitioning for review closely analogous to that of an intervening petitioner in a court of equity having a direct substantial interest in the subject-matter of the controversy. This difference alone would seem apparent, leave must be obtained to file an intervening petition, while, in bankruptcy, such leave is found in General Order XXVII or may be implied from the certification of the issue by the referee. In neither case would there seem any lack of jurisdiction on the part of the court to entertain the petition.

The opinion here expressed does not conflict with the doctrine of Chatfield v. O'Dwyer, 101 F. 797 (C. C. A. 8), and the cases which follow it. For the opposed doctrine, see In re Roche, 101 F. 956 (C. C. A. 5). These cases have to do, not with the jurisdiction of the District Court to entertain a petition to review on behalf of a creditor, but with the right of a creditor to prosecute an appeal from the District Court to the Circuit Court of Appeals under section 25 of the Bankruptcy Act (11 USCA § 48), without the trustee joining therein. Even these cases recognize that such appeal may be prosecuted by the creditor upon leave of court first had, if the trustee refuses to act, and upon such conditions as to costs, etc., as the court may impose. See also, Ohio Valley Bank Co. v. Mack, 163 F. 155 (C. C. A. 6), 24 L. R. A. (N. S.) 184; McDaniel v. Stroud, 106 F. 486 (C. C. A. 4).

Another line of decisions, also distinguishable from the case at bar, is represented by the case of In re Lewensohn, 121 F. 538 (C. C. A. 2), by which it is held that the trustee only may apply by petition to the referee for an order for re-examination of a claim, under section 57(k) of the Bankruptcy Act (11 USCA § 93(k), and General Order XXI (6). Neither this question, nor the one discussed in the preceding paragraph, has arisen in the present case. They depend upon different statutory grants of jurisdiction and require the application of different principles. Although the trustee is the usual and proper representative of all creditors, and this may defeat an appeal under section 25 or prevent a creditor filing a petition for re-examination under section 57, we are of the opinion it does not offer an insurmountable obstacle to allowing to an interested creditor the right to file a petition for review in the District Court.

It is also urged that the petition for review was not filed in time under the local bankruptcy rules. Upon the record before us, the time appears to have been duly extended and this objection not to be well taken.

The judgment of the court below is reversed, and the cause remanded for hearing.