**JOHNSON et al. v. BARNEY.**[*]

No. 9196.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1931.

*Rehearing denied January 11, 1932.

Floyd E. Page, of Denison, Iowa (E. A. Norelius, of Denison, Iowa, on the brief), for appellants.

L. W. Powers, of Denison, Iowa, for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SANBORN, District Judge.

STONE, Circuit Judge.

This is an appeal from the allowance of an unsecured claim against a bankrupt estate.

▮▮▮▮ Appellee files here a motion to dismiss this appeal based on several grounds. To understand these grounds a short statement of the matters involved therein is necessary. When this claim was filed before the referee, there was objection as follows: "Come now Sims & Page, attorneys for several and various creditors of said bankrupt, and for and in their behalf object," etc. The referee denied the claim. Upon review, brought by the claimant, the District Court allowed the claim. From that order of allowance, this appeal was brought by "Jacob Johnson, the duly appointed, qualified and acting Trustee, and certain objecting creditors, conceiving themselves aggrieved," etc. No appeal bond was filed. The contentions of the complainant are that the trustee filed no objection to this claim and was not a party to the immediate proceeding and, therefore, cannot take an appeal; that the individual creditors cannot take such an appeal; that if individual creditors can take such an appeal, they cannot do so except under their right name and definite designation; and that if they could do so without such designation, an appeal bond is required. This motion should be denied under the authority of Chatfield v. O'Dwyer, 101 F. 797, this court; Amick v. Mortgage Security Corporation of America, 30 F.(2d) 359, this court. Also see Forsher v. Graham, 32

F.(2d) 654, 655 (C. C. A. 6); In re Chakos, 24 F.(2d) 482, 486 (C. C. A. 7); Ohio Valley Bank Co. v. Mack, 163 F. 155, 24 L. R. A. (N. S.) 184 (C. C. A. 6); McDaniel v. Stroud, 106 F. 486 (C. C. A. 4). The misconception of appellant is in applying general rules of appeal to bankruptcy matters without having in view the peculiar situation and statutory provisions in bankruptcy. The Chatfield and other cases, above cited, state the rule to be that a trustee may appeal even though he files no objection to the claim and that he is the only one who can take such an appeal if he is willing to do so; that the creditor cannot do so unless the trustee refuses and the creditor is authorized by the trial court to take such appeal in the name of the trustee upon such conditions as to costs and security as may seem proper.

The merits of this appeal present but one issue. A broad statement of that issue is whether this claim is of a character which is provable in bankruptcy, but the real issue is within and more narrow than this broad statement. To understand the real and more narrow issue it is necessary to briefly state the material facts.

Appellant is the trustee of the bankrupt estate of J. H. C. Peters, who was adjudged a bankrupt on July 12, 1923. Theretofore, Peters had made an exchange of real estate with Christ Barney, of whose estate the appellee is administratrix. Shortly after the death of Barney, the guardian for his minor heirs commenced an action in the state court to have the conveyance of his land to Peters set aside and the title established in the wife and children on the ground of fraud and deceit in procurement of the exchange. The widow became a party to that action and sought the same relief. This action was pending at the time Peters was adjudicated a bankrupt. The trustee in bankruptcy entered his appearance, adopted the pleadings of the defendant Peters, and the case proceeded to a decree in the state court.

Before this action was filed, Peters had placed a mortgage upon the land secured from Barney. This mortgage secured notes for $14,000 which came into the hands of innocent purchasers. At the time of the exchange, there were mortgages on the land given by Peters to Barney in the exchange. The court found the transaction of exchange to be fraudulent on the part of Peters and that it should be set aside. To place the parties in the position at the time of the exchange, it was necessary to make provision

for the mortgage which Peters had placed on the Barney land. To provide for this situation, the court required Peters or his successors to pay off that mortgage and, because Peters was found to be insolvent, decreed that if this mortgage was paid off within one year a decree would enter restoring the Peters land to him but if it was not so paid off the title of the Barney heirs to the Peters land would be confirmed and quieted. Jurisdiction was retained. Thereafter, there was a supplemental and modifying decree wherein the court found that the Peters land had been sold under foreclosure and entirely lost to the Barney heirs and that the Barney land had been sold and the mortgage indebtedness of $14,000 paid by the purchaser. In view of this changed situation, the original decree was modified by striking out the part retaining the Peters land as security for payment of the $14,000 to the heirs and there was substituted therefor a provision that Peters or "his successor in interest," the trustee in bankruptcy, should pay the $14,000, "obtained by the said J. H. C. Peters through the mortgage placed upon the 160 acre tract which this court finds by the terms of this decree rightfully belonged to Christ Barney, represents a debt owing by the said J. H. C. Peters or J. M. Shea or his successor to the administrator of the estate of Christ Barney, deceased."

This is the basis of the claim here involved. The allowance was for the difference between this claim and an amount owing the bankrupt by Barney.

Appellant concedes that a fraudulent transaction of this character may be the subject of a tort action or of an action upon an implied contract and that if it be treated as an implied contract, it is provable in bankruptcy, but contends that where the claimant has elected to treat the matter as one in tort that election is binding as determining its character and thereby the right to file a claim is lost; that here the guardian and administratrix elected to treat this transaction as one in tort by bringing a tort action in the state court thereby losing the right to file the result of that action as a claim in bankruptcy.

The suit in the state court was one in equity. The sole purpose of that action was a rescission of the contract of exchange of properties with the contemplated result of returning to the heirs and widow of Barney the land he had parted with under that contract. Had it been a tort action for damages because of the tort committed by Pe-

ters in his fraudulent conduct resulting in the exchange, the action would have been one at law. This action was for the return of property which Peters, in conscience, should return. In legal aspect, the action is somewhat analogous to one for money had and received. It is quasi contractual in character and effect.

The circumstances that fraud is the basis of the rescission is not controlling. The distinction to be borne in mind is between rights which are founded *purely* on tort and rights wherein there is a tortious element but where such may be waived and a right of contract or *quasi* contract remains. This distinction is clearly marked in Schall v. Camors, 251 U. S. 239, 251, 40 S. Ct. 135, 64 L. Ed. 247, and Stalick v. Slack, 269 F. 123, 124, this court. Where the right is of the latter character it is of a kind which may be proven in bankruptcy. This is well stated in Crawford v. Burke, 195 U. S. 176, 193, 25 S. Ct. 9, 13, 49 L. Ed. 147, as follows: "We are, therefore, of opinion that if a debt originates or is 'founded upon an open account or upon a contract, express or implied,' it is provable against the bankrupt's estate, though the creditor may elect to bring his action in trover, as for a fraudulent conversion, instead of in assumpsit, for a balance due upon an open account. It certainly could not have been the intention of Congress to extend the operation of the discharge under § 17 [11 USCA § 35] to debts that were not provable under § 63a [11 USCA § 103]. It results from the construction we have given the latter section that all debts originating upon an open account or upon a contract, express or implied, are provable, though plaintiff elect to bring his action for fraud."

The order should be, and is, affirmed.