### In re PARAMOUNT PUBLIX CORPORATION.

District Court, S. D. New York.
Aug. 2, 1934.

See, also, 7 F. Supp. 988.

Root, Clark, Buckner & Ballantine, of New York City (Samuel S. Isseks and Charles C. MacLean, Jr., both of New York City, of counsel), for trustees.

Hirsh, Newman, Reass & Becker, of New York City (Daniel G. Rosenblatt and Leonard G. Egert, both of New York City, of counsel), for American Tri-Ergon Corporation.

Zeiger & Berliner, of New York City (Ephraim Berliner, Joseph J. Zeiger, and Morton Roth, all of New York City, of counsel), for DeForest Phonofilm Corporation and General Talking Pictures Corporation.

PATTERSON, District Judge.

Three alleged creditors filed proofs of claim against the bankrupt, each of the claims being for profits said to have been realized by the bankrupt through infringement of the claimant's patents. The referee expunged the claims on the ground that claims of this character were not provable in bankruptcy against the estate of an infringer. While the fact seems to be of no importance, passing notice may be taken that on one of the claims suit for infringement had been commenced against the bankrupt prior to bankruptcy, and the Circuit Court of Appeals of this circuit has recently held, reversing the District Court, that the claimant's patent is valid and infringed by the bankrupt. This decision was subsequent to the bankruptcy. American Tri-Ergon Corporation v. Paramount Publix Corporation (C. C. A.) 71 F.(2d) 153. With the other two claims no suit had been commenced.

The case therefore squarely raises the point whether an unadjudicated claim for profits realized by the bankrupt out of infringement of a patent may be proved in bankruptcy so as to permit the patentee to obtain a dividend out of the bankrupt estate. The question is an open one in this circuit. Judge Lacombe passed it in American Graphophone Co. v. Leeds & Catlin Co. (C. C.) 174 F. 158. In England the claim was regarded as provable under the Act of 1869, containing language quite different from our present act. Watson v. Holliday, 20 Ch. D. 780. The Circuit Court of Appeals in the Seventh Circuit has recently held it provable. Schiff v. Hammond Clock Co., 69 F.(2d) 742. On the other hand it was held not provable under the Act of 1867 (14 Stat. 517) by the Circuit Court of Massachusetts. In re Boston & Fairhaven Iron-Works, 23 F. 880.

The relevant provision under the present Bankruptcy Act is section 63a (4), 11 USCA § 103 (a) (4), to the effect that debts are provable if "(4) founded upon * * * a contract express or implied." The contracts included are, first, express contracts; second, contracts implied in fact; third, contracts implied in law and enforceable by action ex contractu or quasi contract. Lane v. Industrial Commissioner (C. C. A. 2) 54 F.(2d) 338, 341, 86 A. L. R. 765. The cases comprised in the third class are those where the bankrupt by means of a tort or wrongful act has obtained something of value for which an equivalent price should be paid and on account of which the law will imply a promise to pay. Schall v. Camors, 251 U. S. 239, 251, 40 S. Ct. 135, 64 L. Ed. 247. In such instances there is, of course, no real contract on the part of the wrongdoer to pay, but there is a fictitious contract forced on him by the law to pay over the amount of his unjust enrichment. Williston on Contracts, § 3; Ames, History of Assumpsit, 2 Harvard Law Review, 68; Miller v. Schloss, 218 N. Y. 400, 408, 113 N. E. 337. This liability, sometimes called quasi contractual, is one based on "contract implied" and so results in a provable claim. Clarke v. Rogers, 228 U. S. 534, 543, 33 S. Ct. 587, 57 L. Ed. 953; Schall v. Camors, supra. It has accordingly been decided that claims for conversion, fraud, recovery of voidable preference, and even defalcation as trustee are provable where the bankrupt re-

alized value from the transactions. Clarke v. Rogers, supra; Cunningham v. Feinsilver, 6 F.(2d) 92 (D. C. Mass.); Stipp v. Doran, 18 F.(2d) 83 (C. C. A. 3); Cawthon v. Bancokentucky Co., 52 F.(2d) 850 (D. C. Ky.); Johnson v. Barney, 53 F.(2d) 770 (C. C. A. 8); In re S. W. Straus & Co., 67 F.(2d) 605 (C. C. A. 2); In re International Match Corporation, 69 F.(2d) 73 (C. C. A. 2).

■ But this is the limit. An obligation imposed by law where there is no contract implied by law and no remedy in assumpsit, meaning now an action on contract real or fictitious, does not give rise to a provable claim. Lane v. Industrial Commissioner, supra; see, also, Cunningham v. Feinsilver, supra. We must not overlook the fact that it is a statute that we are construing, and that the statutory language is "contract, express or implied."

■ Infringement of patent is essentially a tort. Carbice Corporation v. American Patents Corporation, 283 U. S. 27, 33, 51 S. Ct. 334, 75 L. Ed. 819; Thomson-Houston Electric Co. v. Ohio Brass Co., 80 F. 712, 721 (C. C. A. 6). The patentee has his choice of remedies, both of them statutory; he may bring his action on the case for damages at law (35 USCA § 67), or his suit in equity for an injunction and damages, "in addition to the profits to be accounted for by the defendant" (35 USCA § 70). These remedies, being statutory and coupled with a statute creating the right, are to be deemed exclusive; common-law remedies may not be availed of. Globe Newspaper Co. v. Walker, 210 U. S. 356, 28 S. Ct. 726, 52 L. Ed. 1096. The recovery of profits is doubtless to take away the infringer's unjust enrichment to prevent the wrongdoer profiting by his own wrong. Tilghman v. Proctor, 125 U. S. 136, 145, 8 S. Ct. 894, 31 L. Ed. 664. But there is nothing of a contractual character in the situation, nor has the law ever resorted to the fiction of a contract on the part of the infringer to pay over his profits to the patentee. I know of no authoritative case sustaining an action of assumpsit to recover such profits. See Woodward on Quasi-Contracts, § 288. They are recoverable only in equity on a bill for injunction or other equitable relief. Root v. Lake Shore & M. S. Railway, 105 U. S. 189, 26 L. Ed. 975. I take it therefore that when Congress in 1898 passed the Bankruptcy Act, there was no intention to make an ordinary, noncontractual claim for patent infringement provable as a claim "founded upon * * * contract express or implied."

Bankr. Act, § 63a (4), 11 USCA § 103 (a) (4).

Schillinger v. United States, 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108, is a strong authority against the claimants. Under the Act of March 3, 1887 (24 Stat. 505), the Court of Claims was given jurisdiction to try claims against the United States founded "upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort. * * *" Section 1 (see 28 USCA § 41 (20). It was held that there was no jurisdiction to hear a case based simply on patent infringement, on the ground that patent infringement was "a tort pure and simple" and that action could not be maintained in assumpsit on waiver of the tort. The court said, page 169 of 155 U. S., 15 S. Ct. 85, 87:

"That this action is one sounding in tort is clear. It is in form one to recover damages. The petition charges a wrongful appropriation by the government, against the protest of the claimants, and prays to recover the damages done by such wrong. The successive allegations place the parties in continued antagonism to each other, and there is no statement tending to show a coming together of minds in respect to anything. It is plainly and solely an action for an infringement, and in this connection reference may be made to the statutory provision (Rev. St. § 4919 [35 USCA § 67]) of an action on the case as the legal remedy for the recovery of damages for the infringement of a patent. If it be said that a party may sometimes waive a tort and sue in assumpsit, as on an implied promise, it is technically a sufficient reply to say that these claimants have not done so. They have not counted on any promise, either express or implied.

"But we do not care to rest our decision upon the mere form of action. The transaction, as stated in the petition and as disclosed by the findings of the court, was a tort pure and simple."

■ It is in line with the main purposes of the Bankruptcy Act to resolve doubt in favor or provability. Williams v. United States Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713; Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028. And yet in the case of claims like those for patent infringement there are strong practical considerations the other way. Time is of the essence in bankruptcy administration. An early distribution of a bankrupt's

assets among his creditors is imperative. Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636; Wiswall v. Campbell, 93 U. S. 347, 350, 23 L. Ed. 923. If claims for patent infringement are provable, the result will certainly be both tedious delay and consumption of the assets of the estate in litigating the issues whether the claimant's patent is valid, whether the bankrupt infringed it, and whether the bankrupt realized any profits. It is common knowledge that the ordinary patent suit takes several years.

I am of opinion that the claims are not provable. The orders of the referee expunging them will therefore be affirmed.