**In re PROGRESS LEKTRO SHAVE CORPORATION.**

**No. 19151.**

District Court, D. Connecticut.

July 8, 1940.

Sydney C. Perell, of Stamford, Conn., for bankrupt.

Irving F. Goodfriend, of New York City, for Harry Aaron.

A. W. Chapman, of Washington, D. C., and Valentine J. Sacco, Asst. U. S. Atty., of Hartford, Conn., for Bureau of Internal Revenue.

HINCKS, District Judge.

The petition challenges an order of the referee holding that a public sale by the trustee of articles belonging to the estate but concededly protected by the patent of one Aaron, the petitioner herein, constituted no infringement. It was found, however, that $1,000 would fairly represent Aaron's damage, if the sale were held to constitute an infringement.

The trustee and the government, as a prior creditor on a tax claim, in opposition to the patentee's claim rely almost wholly upon Sawin v. Guild, Fed.Cas.No. 12,391. That was a case in which a sheriff, having for service a writ of execution against the patentee, seized and sold "the materials of three of said patented machines, which were at the time complete and fit for operation." It was held that the sale constituted no infringement because the sheriff "sold the materials as such, to be applied by the purchaser as he should by law have a right to apply them."

And more broadly it was said that to constitute an infringement a sale "must be a tortious sale, not for the purpose merely of depriving the owner of the materials, but of the use and benefit of his patent." It well may be doubted whether this somewhat narrow view of infringement, announced in 1813, still obtains; stimulated by the fertility of infringers the relevant law since then has been considerably extended. However that may be, the case here does not come within the doctrine of the Sawin case. For here the volume and nature of the challenged sale (1450 complete shavers and 11,278 shaving heads, which obviously were worthless for innocent use) were factors imperatively requiring the conclusion that the sale was designed to deprive the patentee of his exclusive right of sale and hence was a tortious sale even within the Sawin doctrine.

The trustee's insistence that the sale operated only to pass his title to the property and carried with it no right to use or to resell is irrelevant. Such an observation is applicable to every wrongful sale of patented articles. And the observation that the patentee is free to sue the purchaser is likewise without point. Under the patent law the patentee is entitled to recover both damages and loss of profits. 35 U.S.C.A. § 70. Under the law, even after Aaron, the patentee, has recovered his damages from the trustee (found to be $1,000) he is entitled not merely to restrain the purchaser from reselling but also to an accounting of his profits. Clearly the purchaser's continuing liability on the latter score is not inconsistent with Aaron's right to recover damages against the trustee.

 The argument that sales in bulk (as distinguished from sales piece by piece) to accomplish the liquidation of a bankrupt estate fall without the scope of the patent laws, finds no support in the plain language of the statute. 35 U.S.C.A. § 40. Further the argument runs counter to fundamental principles of constitutional law. For patent rights, like other forms of property, are protected by the constitutional guarantees. Cramp v. International Co., 246 U.S. 28, 38 S.Ct. 271, 62 L.Ed. 560. And even the plenary powers of Congress in the field of bankruptcy are subject to these guarantees. Louisville Joint Stock Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L. Ed. 1593, 97 A.L.R. 1106. The bankruptcy court cannot assume to exercise a power which even Congress is powerless to confer.

I fully agree with the referee's conclusion that Aaron is not guilty of laches precluding his recovery from the trustee. He had no right of reclaimer, and no cause of action against the trustee, until the sale was accomplished; long prior thereto he had notified the trustee of his claim that the trustee was without right to sell; and this notice was promptly reiterated when publication of the notice of proposed sale was made. Certainly his conduct was not such as to manifest an acquiescence in the trustee's right to sell; nor such as to mislead any one into a prejudicial change of position.

Holding, as I do, that upon the facts as found by the referee the sale by the trustee was in violation of the claimant's rights, it follows that the claim must be allowed as an expense of administration. In re Paramount Publix Corp., D.C., 8 F.Supp. 644, cited by the government as holding that a claim for infringement is not provable, concerned an infringement by the bankrupt, not by the trustee.

It is therefore ordered that Aaron's claim be allowed in the amount of $1,000 with the priority pertaining to an expense of administration.