Ernest E. GOLDSMITH, Plaintiff,

v.

OVERSEAS SCIENTIFIC CORPORA-
TION and G. George Field,
Defendants.

United States District Court
S. D. New York.
Nov. 9, 1960.

Nathan Walker, New York City, for plaintiff.

Robinson, Thebner & McLaughlin, New York City, for defendant G. George Field, Emanuel Thebner, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant Field has moved for summary judgment in this action brought by the plaintiff to recover damages for alleged patent infringement. Plaintiff instituted the action on February 4, 1959, seeking $50,000 actual damages, plus treble damages. While this action was pending, defendant Field filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt. Although defendant, when he filed schedules in bankruptcy, listed plaintiff as a creditor, plaintiff chose not to file a proof of claim. Defendant was granted a discharge in bankruptcy on October 14, 1959.

In the instant motion for summary judgment, defendant contends that this operated to discharge plaintiff's claim. Plaintiff, however, argues that the claim was not a provable debt within the meaning of the Bankruptcy Act, and thus that it is not effected by the discharge. 11 U.S.C.A. § 35. Alternatively, he contends that even if his claim was provable, it falls within the ambit of "liabilities * * * for willful and malicious injuries to the person or property of another" specifically rendered not dischargeable by 11 U.S.C.A. § 35(a) (2).

▌ Under the Bankruptcy Act, a discharge may release the bankrupt only from his *provable* debts. 11 U.S.C.A. § 35 (emphasis supplied).[1] The Act enumerates the classes of debts which may be proved, 11 U.S.C.A. § 103; if a particular claim does not fall within one of these categories, it is not provable. Since there is no general inclusion of tort claims, it is well settled that these are not provable unless they fall within a specific statutory category. See 3 Collier on Bankruptcy p. 1862 (14th. Ed.). Defendant contends that plaintiff's claim was provable as a claim founded upon "an open account, or a contract express or implied." 11 U.S.C.A. § 103, sub. a (4).

▌ It has been held, in somewhat analogous situations, that, when an element of unjust enrichment is present, giving rise to an obligation on the part of the tort-feasor to account to the in-

---

1. Even if a debt is provable, 11 U.S.C.A. § 35 enumerates a number of debts which are, nonetheless, not released by a discharge.

jured party, a contract will be implied in law, thus rendering the claim provable to the extent of the unjust enrichment. See, e. g., Crawford v. Burke, 1904, 195 U.S. 176, 25 S.Ct. 9, 49 L.Ed. 147; Schall v. Camors, 1920, 251 U.S. 239, 251, 40 S.Ct. 135, 64 L.Ed. 247. It is sought here to apply this concept to cases of patent infringement, in which admittedly an element of unjust enrichment is present. Although one case has held a patent infringement claim provable on this theory, Schiff v. Hammond Clock Co., 7 Cir., 69 F.2d 742, reversed on other grounds 1934, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639, Judge Patterson, when sitting as a District Judge in this District squarely dealt with the question, and ruled that such a claim was not provable. In re Paramount Publix Corp., D.C.S.D. N.Y.1934, 8 F.Supp. 644, Judge Patterson commented:

"It has accordingly been decided that claims for conversion, fraud, recovery of voidable preference, and even defalcation as trustee are provable where the bankrupt realized value from the transactions. * * *

"But this is the limit. An obligation imposed by law where there is no contract implied by law * * * does not give rise to a provable claim. * * * We must not overlook the fact that it is a statute that we are construing, and that the statutory language is 'contract, express or implied'.

"Infringement of patent is essentially a tort. * * * [T]here is nothing of a contractual character in the situation, nor has the law ever resorted to the fiction of a contract on the part of the infringer to pay over his profits to the patentee. I know of no authoritative case sustaining an action of assumpsit to recover such profits." 8 F. Supp. at pages 645–646.

The defendant argues that the Bankruptcy Act has since been amended, and that the amendments all show a trend toward greater provability of claims. While such a trend is undeniable, Congress has made the changes it felt necessary by adding to or clarification of the specific categories of 11 U.S.C.A. § 103. Thus, in 1934, claims for negligence instituted prior to the filing of the petition in bankruptcy, in which the amount of damages was evidenced by a judgment, were made provable, and in 1938, the requirement of a judgment was eliminated. See 11 U.S.C.A. § 103, sub. a(7). Similarly claims based on contingent debts were made provable in 1938. See 11 U.S.C.A. § 103, sub. a(8). But, despite the undoubted ambiguity and uncertainty as to the scope of the provision in question in the instant case, Congress did not see fit to make a change. It is reasonable to infer that, if Congress had wanted all tort claims in which an element of unjust enrichment could be found to be provable, it would have so provided in clear and unambiguous language, particularly since the Bankruptcy Act was amended subsequent to Judge Patterson's decision. It is also noteworthy that, despite the sweeping changes in the Bankruptcy Act, claims based on intentional tortious conduct were not made provable. See 3 Collier on Bankruptcy p. 1877 (14th Ed.).

Defendant also argues that cases of doubt and ambiguity should be resolved in favor of provability. But Judge Patterson was plainly aware of this principle when he considered the problem. He nevertheless concluded:

"It is in line with the main purposes of the Bankruptcy Act to resolve doubt in favor of provability. * * * And yet in the case of claims like those for patent infringement there are strong practical considerations the other way. Time is of the essence in bankruptcy administration. An early distribution of a bankrupt's assets among his creditors is imperative. * * * If claims for patent infringement are provable, the result will certainly be both tedious delay and consumption of the assets of the estate in litigating the issues whether the claimant's patent is valid, whether the bankrupt

infringed it, and whether the bankrupt realized any profits. It is common knowledge that the ordinary patent suit takes several years." 8 F.Supp. at pages 646–647.

I see no reason why these considerations are not equally valid today.

Thus, I am of the opinion that the plaintiff's claim was not provable. This renders it unnecessary to consider plaintiff's alternative contention that his claim was not dischargeable because it was for "willful and malicious injuries."

The defendant's motion for summary judgment is denied. So ordered.