BAUER, Circuit Judge.
 

 The issue on appeal is whether a claim of patent infringement is provable in bankruptcy under the old Bankruptcy Act, 11 U.S.C. § 1 et
 
 seq.
 
 (current version at 11 U.S.C. § 101
 
 et seq.
 
 (1979)), and thus dis-chargeable under a plan of arrangement. The district court held it was not, and we affirm.
 

 I.
 

 Sanders Associates, Inc. is the owner of U.S. patent 3,659,284 and reissue patent Re. 28,507 relating to home video games. The Magnavox Company is Sanders’ exclusive licensee; both appellees will be referred to collectively as “Magnavox.”
 

 
 *804
 
 The appellant, Universal Research Laboratories, Inc. (“Universal”), manufactures and sells electronic products including home video games. Universal filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on June 6,1977, and a plan of arrangement was confirmed on August 22, 1977. Universal was thereby released from its dischargeable debts, and all creditors whose debts were discharged were enjoined from enforcing their claims.
 

 As part of the Chapter XI proceeding, Universal filed several schedules stating its assets and creditors. Magnavox was not listed as a creditor. Universal’s schedule of personal property did, however, include the following entry on its list of patent properties under the subheading “Charges of Infringement:”
 

 A. January 13, 1975 letter from The Magnavox Company, charging infringement of television game patents. Universal claims in its brief that the letter was entered as an asset in error, but that fact was never established by the district court.
 

 Magnavox received no official notice of the Chapter XI proceeding, and it did not file a claim in bankruptcy court against Universal. An attorney for Universal did, however, write counsel for Magnavox that Universal had filed in bankruptcy, and Magnavox does not deny it knew of the restraining order which accompanied the order of confirmation. Magnavox nevertheless filed a complaint on August 25,1977 against Universal and eleven other defendants in the Northern District of Illinois alleging infringement of the two patents. Universal filed an answer setting forth its discharge in bankruptcy as an affirmative defense.
 

 Universal filed in bankruptcy court for a Rule to Show Cause why Magnavox should not be held in contempt for suing Universal in district court. After a long series of motions, consuming over a year, the bankruptcy court ruled that Magnavox’ claim against Universal for patent infringement was provable pursuant to section 63 of the Bankruptcy Act of 1898, 11 U.S.C. § 103.
 
 [1]
 
 It further found that Magnavox’ claim for patent infringement was dischargeable under § 17 of the Act, 11 U.S.C. § 35. The bankruptcy court ordered Magnavox to withdraw any claim for pre-petition infringement
 
 [2]
 
 or be held in contempt. The court later modified its order to permit Magnavox to withdraw its suit pending appeal of the bankruptcy court’s orders. Magnavox thereafter filed a “Provisional Withdrawal of Claim” in its civil action in compliance with the bankruptcy court’s order.
 

 On appeal, the district court reversed, ruling that a claim for patent infringement is a tort and therefore not provable in bankruptcy. It further held that even if provable, the claim was not dischargeable because Magnavox alleged a “willful and malicious” injury under § 17(a)(8) of the Bankruptcy Act, 11 U.S.C. § 35. It finally held that whether Universal’s actions were willful and malicious “could not be decided against Magnavox as a matter of law on a Rule to Show Cause” in the bankruptcy court, but would have to be litigated in the infringement case.
 

 II.
 

 On appeal, Universal challenges each of the district court’s rulings. We find, however, that we can dispose of the case after consideration of the first issue on appeal, whether a claim for patent infringement is provable in bankruptcy. If it is not prova
 
 *805
 
 ble, Magnavox is free to pursue its claim against the reorganized corporation. If it is, we must consider whether any exceptions to dischargeability apply.
 

 Section 63 of the Bankruptcy Act of 1898 (as amended) defines several classes of claims which may be “proven.” 11 U.S.C. § 103. Claims which may be proven are in turn discharged by a plan of arrangement. 11 U.S.C. § 35.
 
 [3]
 
 Included are claims founded upon “an open account or a contract express or implied.” 11 U.S.C. § 103(a)(4) (current version at 11 U.S.C. § 101(4) (1979)).
 
 [4]
 
 Tort claims, in contrast, are not provided for in the Act and are thus not provable.
 
 Schall v. Camors,
 
 251 U.S. 239, 40 S.Ct. 135, 64 L.Ed. 247 (1920); 3A Collier, Bankruptcy ¶ 63.25 (14th ed. 1975). The characterization of a claim as one involving a tort or contract, then, determines its provability.
 
 [5]
 
 As patent infringement is generally considered to be a tort,
 
 Carbice Corp. v. American Patents Development Corp.,
 
 283 U.S. 27, 33, 51 S.Ct. 334, 336, 75 L.Ed. 1419 (1931), the answer to the question of provability appears simple. But there is a third category of claims which gives rise to the present controversy. The Supreme Court, in
 
 Schall v. Camors,
 
 in noting the general rule against the provability of tort claims, stated in dicta that “where, by means of the tort, the tort-feasor obtains something of value for which an equivalent price ought to be paid, even if the tort as such be forgiven, there may be a provable claim
 
 quasi ex contractu.”
 
 251 U.S. at 251, 40 S.Ct. at 137. This language gave rise to a class of claims provable in bankruptcy in “quasi-contract” whose basis lies in the unjust enrichment of the tortfeasor. A quasi-contract case is considered a contract implied-in-law under section 63 because the “law will imply a promise to pay . the amount of his unjust enrichment.”
 
 In re Paramount Publix Corp.,
 
 8 F.Supp. 644, 645 (S.D.N.Y.1934). One district court characterized the class of cases as
 

 limited to certain types of actions such as embezzlement, breach of trust, or fraud, where there is some quasi-fiduciary relationship between the wrongdoer and the injured party, or where there are at least mutual dealings between them. In those situations the fiction of a contract to restore profits is more palatable.
 

 A & M Records, Inc. v. M.V.C. Distributing Corp.,
 
 471 F.Supp. 980, 984 (E.D.Mich.1979).
 

 In contrast, a patent infringement claim does not usually involve any quasi-fiduciary relationship. There were no mutual dealings between Universal and Magnavox; Universal never signed a license agreement nor even agreed to do so. Magnavox has alleged simply that Universal used its exclusive patent, and that is simply a tort claim. We agree with the
 
 Paramount Pub-lix
 
 court, which considered this very issue, that the statutory requirement of a “contract, express or implied” cannot be stretched beyond recognition.
 

 [Tjhere is nothing of a contractual character in the situation, nor has the law ever resorted to the fiction of a contract on the part of the infringer to pay over his profits to the patentee . . ..I take it therefore that when Congress in 1898 passed the Bankruptcy Act, there was no intention to make an ordinary, noncontractual claim for patent infringement provable as a claim “founded upon contract express or implied.”
 

 8 F.Supp. at 646.
 

 The Bankruptcy Court found, and appellant argues, that a patent infringe
 
 *806
 
 ment claim belongs to the quasi-contractual class of claims, relying on a 1934 decision of this Court,
 
 Schiff v. Hammond Clock Co.,
 
 69 F.2d 742 (7th Cir.),
 
 rev’d. as moot,
 
 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934). The short answer is that the
 
 Schiff
 
 case was reversed as moot on the settlement of the parties by the Supreme Court. The decision has worth, if any at all, only as an advisory opinion.
 
 [6]
 
 And upon analysis, we have decided not to follow the advice of the
 
 Schiff
 
 decision. It has been rejected by every court which has considered it, including the
 
 Paramount Publix
 
 court. 8 F.Supp. at 645-46;
 
 Goldsmith v. Overseas Scientific Corp.,
 
 188 F.Supp. 530, 531 (S.D.N.Y.1960);
 
 A & M Records, Inc. v. M.V.C. Distributing Corp.,
 
 471 F.Supp. at 984 (holding an analogous claim of record piracy not provable);
 
 Broadcast Music, Inc. v. Leisure Properties, Inc.,
 
 201 U.S.P.Q. 685 (N.D.Ohio 1978) (copyright infringement). Its legal basis in patent law is questionable.
 
 [7]
 
 We conclude that
 
 Schiff v. Hammond Clock Co.
 
 carries no precedential weight today and that the correct view is that patent infringement claims are torts and not provable in bankruptcy.
 

 Judge McMillen seemed to believe that Magnavox should have been given an opportunity for a hearing on the discharge-ability of its claim in the bankruptcy court. But no remand for a hearing on the specific facts of the Magnavox claim is necessary since we hold that a claim for patent in
 
 *807
 
 fringement is a tort as a matter of law. It is thus not provable in bankruptcy and cannot be enjoined by the order of the bankruptcy court.
 

 Because we agree that a patent infringement claim is not provable in bankruptcy, we do not reach the other issues discussed in the district court’s ruling nor the parties’ briefs. The order of the district court is accordingly
 

 Affirmed.
 

 [1]
 

 . The Bankruptcy Code of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (1978), replaces the Bankruptcy Act of 1898 (as amended) in its entirety and is codified in Title 11 of the United States Code. The new Code was not effective until October 1, 1979 and cases commenced prior to that date are governed by the prior Act. Pub.L. No. 95-598, § 403(a), 92 Stat. 2683 (1978). Unless cited with a 1979 date, all citations in the opinion are to the United States Code codification of the
 
 prior
 
 law.
 

 [2]
 

 . Universal has conceded that its bankruptcy proceedings have no effect on any liability for alleged infringement of the Magnavox patent occurring after the filing of its bankruptcy petition on June 6, 1977.
 

 [3]
 

 . Section 17(a) provides: “A discharge in bankruptcy shall release a bankrupt from all of his provable debts . 11 U.S.C. § 35. The new Code discards the concept of provability in favor of a broad definition of the types of claims that are discharged by bankruptcy. 11 U.S.C. § 101(4) (1979).
 

 [4]
 

 . Neither of the parties argue that Magnavox’s claim falls within any other part of section 63.
 

 [5]
 

 .This distinction is eliminated in the new Act; all claims involving a “right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured” are discharged by the plan of arrangement. 11 U.S.C. § 101(4)(A) (1979). Tort claims are thus now dischargeable. 11 U.S.C. § 524 (1979); 2 Collier, Bankruptcy 1| 101.04 at 101-16 (15th ed. 1980).
 

 [6]
 

 . The long answer is that the rationale of the
 
 Schiff
 
 case does not extend to any situation other than that of the
 
 Schiff
 
 case itself. The patent owner sued the president of a family corporation for infringement. The plaintiff released the corporation, which was in bankruptcy, from liability, but sued the president in both his individual and corporate capacities. The defendant argued that the release of the joint tortfeasor, the corporation, released him as well. In response, plaintiff argued that the release was invalid because its claim against the bankrupt was not provable in bankruptcy. The court answered that there were “two answers to this position.” 69 F.2d at 746. First, the release was given for consideration and “[wjhether the claim was good or bad” the release was effective and therefore released the joint tortfeasor. The court was, however, apparently still concerned with the validity of the underlying claim. It therefore stated, as an alternative to its first ground, that the underlying claim of patent infringement
 
 might
 
 be as-sertable in bankruptcy and therefore subject to the release. The court stated that, second, “[n]or are we prepared to hold that the estate of the bankrupt is not liable under any and all circumstances for damages arising out of its infringement of a patent committed by it prior to bankruptcy.”
 
 Id.
 

 This equivocal language does not amount to a statement that all patent infringement actions are provable in bankruptcy. Indeed, the court’s holding presumes that patent infringement is a tort and usually
 
 not
 
 provable. The court was merely concerned that the release waived a real claim and was therefore binding on the plaintiff. The joint tortfeasor was also therefore released; a conclusion the court had already reached on simpler grounds. We think the court took a circuitous route to reach a straightforward result.
 

 We must also note that even the ultimate decision of
 
 Schiff
 
 is no longer the law. In Aro
 
 Mfg. Co. v. Convertible Top Co.,
 
 377 U.S. 476, 501, 84 S.Ct. 1526, 1540, 12 L.Ed.2d 457 (1964), the Supreme Court cited
 
 Schiff
 
 and stated that
 

 the old common-law rule [that] a release given to
 
 one
 
 joint-tortfeasor necessarily released another ... is not applicable. . [I]t has been repudiated by statute or decision in many if not most States . . .. And application of the rule to contributory infringement has been rejected by this Court.
 

 [7]
 

 . To the extent that the decision rested on the recoverability of profits under the patent statute, the decision is undercut because the patent statute no longer allows for the recovery of the profits of the infringer. The patent laws today provide for recovery of “damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.” 35 U.S.C. § 284.
 

 Universal argues that the provision for a reasonable royalty makes it “clear that the amount of damages represents the extent to which the infringer is enriched by virtue of its failure to pay a reasonable royalty.” Appellant’s Brief at 15. We disagree. The applicability of the quasi-contract exception depends on the common-law nature of the tort, not any statutory remedy. Moreover, the measure of a party’s unjust enrichment is peculiarly the amount of his profits. The Supreme Court has recognized the distinct difference between profits and damages under the patent statute in holding that only the latter are now recoverable and that the measure of damages specifically is
 
 not
 
 based on the amount of profits that the infringer earned.
 
 Aro Mfg. Co. v. Convertible Top Co.,
 
 377 U.S. at 502-13, 84 S.Ct. at 1540-1546.